IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURESSE SHERRILLS, Administrator of the Estate of Laroy Sherrills, | ) ) ) | CASE NO. 1:09 CV 1152 |
| Plaintiff, | ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| CUYAHOGA COUNTY CORRECTIONS CENTER, | ) ) ) | **MEMORANDUM, OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] in this matter arising out of the death of Laroy Sherrills while incarcerated by Cuyahoga County (the County),[2] is a motion for summary judgment by the County.[3] Plaintiff Lauresse Sherrills (Sherrills), administrator of the estate of Laroy Sherrills, has not responded to the motion for summary judgment but did move to amend her complaint.[4] That motion was denied in an order issued contemporaneously with the order addressing this motion for summary judgment. For the reasons that follow, the County's motion for summary judgment will be granted.

---

[1] ECF # 32. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 30. As will be discussed, the County is the only remaining defendant.

[4] ECF # 40.

## Facts

**A.     Background facts**

The relevant facts and case background have been more extensively set forth in the order denying Sherrills's motion to amend and are here incorporated by reference. Basically, Laroy Sherrills died on April 15, 2008, while in the county jail.[5] Sherrills entered prison with high blood pressure, and, after several examinations, prison doctors prescribed medication for that condition, as well as additional medication for a respiratory problem.[6] Significantly, the prison doctor also ordered that Laroy Sherrills's blood pressure be checked daily for a period of five days.[7] But, that portion of the physician's order was incorrectly transcribed to Laroy Sherrills's prison medical chart, such that the order merely instructed that his blood pressure be checked.[8] Sherrills contends that, as a result of that error, nurses checked Laroy Sherrills's blood pressure for only the first day after the doctor's orders were entered but then did not check the pressure for the next four days, thus causing Sherrills to die from a coronary attack.[9]

---

[5] *Id.* at 1.

[6] *Id.* at 1-2.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

As a result of this, Sherrills contends, the County is liable under Ohio law for the wrongful death of, and causing conscious pain and suffering to, Laroy Sherrills under the doctrine of *respondeat superior*[10] and in federal law under 42 U.S.C. § 1983.[11]

**B.      County's motion for summary judgment**

The County raises three arguments in the motion for summary judgment.

- Only the County is a proper defendant, and so defendants the Cuyahoga County Corrections Center and its Health Care Services Department should be dismissed.[12]

- The County is entitled to summary judgment on the federal law claims because no Monell claim is articulated in the complaint and because there is no underlying constitutional violation to support any § 1983 action.[13]

- The County is entitled to summary judgment on the state law claims because of immunity given by the Political Subdivision Torts Liability Act.[14]

*1.      The County is the only proper defendant.*

The County first asserts that the named defendants the Cuyahoga County Corrections Center and the Health Care Services Department are not *sui juris* – that is, separate legal entities capable of being sued – but are functions operated by the Cuyahoga County Sheriff's

---

[10] ECF # 1 at counts one and two.

[11] *Id.* at counts three and four.

[12] ECF # 30 at 3-5.

[13] ECF # 30 at 5-14.

[14] ECF # 30 at 14-16.

Department, which is itself not a separate legal entity from Cuyahoga County.[15] The County argues that because these are not separate legal entities, it is proper under established case authority to dismiss them from the suit.[16]

A plaintiff cannot assert a claim against a sheriff's department under 42 U.S.C. § 1983 because a sheriff's department is not *sui juris*.[17] In addressing whether or not a county sheriff's department or its internal offices and departments can be properly named as a defendant in a § 1983 action, courts have consistently approved the dismissal of the county sheriff's department, the county sheriff's office, or its internal offices or divisions for the same reason: "A county sheriff's office is not a legal entity capable for purposes of § 1983."[18]

The Cuyahoga County Corrections Center and its Health Care Services Department are properly considered as one with the County for purposes of legal analysis.

---

[15] *Id.* (attached affidavit of Kenneth Kocevar, Director of Corrections, Cuyahoga County at ¶¶ 3, 32).

[16] *Id.* at 4-5 (citations omitted).

[17] *See*, *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Elam v. Montgomery County*, 573 F. Supp. 797, 804 (S.D. Ohio 1983).

[18] *Petty*, 478 F.3d at 347. *See also*, *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000).

2.    *Sherrills's § 1983 claims fail as a matter of law on the theory of respondeat superior, which will not support a claim of liability against the County.*

42 U.S.C. § 1983 will not support a claim against a political subdivision based upon a *respondeat superior* theory of liability.[19] A subdivision can be liable under 42 U.S.C. § 1983 only if it caused the Constitutional violation.[20] Thus, a plaintiff seeking to establish political subdivision liability under § 1983 must not only "identify conduct properly attributable to the municipality itself," but "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged."[21] In establishing a *Monell* claim, the plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of constitutional rights."[22]

Federal law will not support a claim against a political subdivision based on a theory of *respondeat superior*.[23] To the extent that Sherrills has merely alleged that the County is liable for Laroy Sherrills's death on the theory of *respondeat superior* for the acts or omissions of its employees or agents, that claim fails as a matter of law.

---

[19] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

[20] *Id.*

[21] *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)).

[22] *Id.*

[23] *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

### 3. Sherrills's federal claims also fail because Cuyahoga County does not have unconstitutional policies, customs or practices.

The County further submits that it did not, in fact, maintain any policy that could be construed as causing Laroy Sherrills's death.[24] The complaint does not allege a policy, custom, or practice of the County that caused Laroy Sherrills's death. The proposed, amended complaint offered no such allegations, stating only that the negligence of County employees or agents caused the death. And Sherrills's has presented no proof of such a policy, custom, or practice in opposing the County's motion.

To establish local government liability under § 1983, a plaintiff must show that the government itself caused the Constitutional violation at issue.[25] This requires that the plaintiff prove that the local government's policy, custom, or procedure was the moving force behind the alleged Constitutional deprivation.[26]

The Rule 56 record contains no evidence of any Cuyahoga County policy, practice, or custom that could be construed as the "moving force" behind Laroy Sherrills's death. Further, Cuyahoga County has placed in the record evidence of its policies, practices, and

---

[24] *Id.* (citing attached affidavits of Kenneth Kocevar and M. Christine Dubber, Manager of Health Care Services of the Cuyahoga County Corrections Center).

[25] *Canton v. Harris*, 489 U.S. 378, 385 (1989).

[26] *Heyerman*, 680 F.3d at 648.

customs relative to the rendering of medical care to its inmates.[27] This evidence suffices to support judgment for the County of the *Monell* claim.

**4.      The County has immunity on the state law claims.**

The Court grants summary judgment on all the federal claims asserted in the complaint. The complaint also pleads state law claims. The County has moved for summary judgment on those claims under the Ohio sovereign immunity statutes. Although the County has briefed its arguments on the state claims, Sherrills has not.

There appears to be authority that claims such as those asserted hereby may be barred by statutory sovereign immunity.[28] Nevertheless, a plaintiff may present sufficient evidence to defeat such immunity.[29]

With the federal claims gone from the case, the Court has discretion to decline the exercise of continuing jurisdiction over state-law claims and to remand the case to state court under 28 U.S.C. § 1367(c)(3).[30]

---

[27] *See*, Affidavit of Kenneth Kocevar, Director of Corrections for the Cuyahoga County Jail, attached as Exhibit "B" to ECF # 30; Affidavit of M. Christine Dubber, Manager of Health Care Services for the Cuyahoga County Corrections Center, attached as Exhibit "C" to ECF # 30.

[28] *Gubanc v. Warren*, 130 Ohio App. 3d 714, 721, 721 N.E.2d 124, 129 (1998).

[29] *Jones v. Lucas County Sheriff's Dep't*, 183 Ohio App. 3d 331, 336, 916 N.E.2d 1134, 1177 (2009).

[30] *Bruederle v. Louisville Metro Gov't*, No. 11-5637, Slip Opinion at 8 (6th Cir. July 24, 2012).

Given that the parties have not fully briefed the arguments on the state-law claims, and that discovery is not complete, these claims are best adjudicated in state court. I, therefore, exercise my discretion under 28 U.S.C. § 1367(c)(3) to decline jurisdiction and to remand the state-law claims to the state court.

## Conclusion

For the reasons stated, defendant Cuyahoga County's motion for summary judgment is hereby granted as to the federal claims. The state-law claims are remanded to the state court under 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.

Dated: July 31, 2012                          s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

-8-